(Hamilton County Court of Insolvency.)

## In re ASSIGNMENT OF COMMERCIAL BANK.

Interpretation of the Shyrock act.—The Shyrock act, providing for charging against the estate the amount of the premium paid to a surety company for going on the bond of the assignee of an estate, is held to be declaratory of the law of the state as it stood after the passge of the act of 1893, authorizing the acceptance of such bonds.

O'NEILL, J.

Exceptions have been filed to an item of $2,000 with which the assignee has credited himself in his account, being the amount of the premium paid by him to the American Surety Company for becoming surety on his bond for $500,000, required of him as assignee. Evidence was submitted that the rate of premium charged (two-fifths of one per cent.) was reasonable, and there is no evidence to the contrary. It therefore stands proven that the $2,000 is a fair premium for the risk assumed. But it is contended that our statutes require that the assignee must give bond in order to qualify himself to act as such assignee; that without such bond he could not act, and that as the giving of bond goes to his qualification, he should bear the expense, and not the estate. At the time this bond was given, as well as at the time the exception was filed, there was no express provision of our statutes authorizing the allowance of such a charge as a part of the expenses of administering the trust, the only provision being found in section 6357, which provides as follows: "And in all cases such further allowance shall be made as by the court shall be considered just and reasonable for his actual and necessary expenses, and for any etraordinary expenses, and for any extraordinary services not re-

quired of an assignee in the common course of his duty." Section 3641a of our statutes (90 Ohio Laws, 159), fully authorizes the acceptance of a surety company, duly qualified, as surety on a bond such as the one here under consideration. But since this case was submitted an act has been passed by the legislature known as the Shyrock law, which provides that—

"Any judge, court or officer whose duty it is to pass upon the account of any assignee, trustee, receiver, guardian, executor, administrator or other fiduciary required by law to give bond as such, and whenever such assignee, receiver, trustee, guardian, executor, administrator or other fiduciary has given bond with a surety company as surety thereon, shall allow in the settlement of the account of such assignee, receiver, trustee, guardian, executor, administrator or other fiduciary a reasonable sum paid a company authorized under the laws of this state so to do, for becoming his surety on such bond, not exceeding, however, one-half of one per cent. per annum on the amount of such bond, unless such bond shall be in double the amount of the liabiliy of such fiduciary, when the sum so allowed shall not exceed the sum of one-fourth of one per cent. per annum."

The charge in this case being two-fifths of one per cent. on the amount of the bond, which was fixed by the court at about the estimated value of the assets,, is less than the rate of premium authorized by this act. I know of no decision by any of the courts of this state upon the question as to whether before the passage of this act, and since the passage of the act of 1893, authorizing the acceptance of such bonds by the courts, a premium paid to a surety company for becoming surety on the bond of an assignee or any other trustee appointed by the court, is a proper charge against the trust estate.

The surety companies are of recent origin, and it is only since April, 1893, that courts in this state have been authorized to accept such companies as surety on bonds required by law to be given. Therefore no rule having the force of law having been established in this state upon this question, the act of the legislature just passed authorizing the premium paid for such bonds, within the limit as to amount specified in the act to be charged against the trust estate should, in my judgment, be taken as declaratory not only of the policy of this state in refeence to the giving of such bonds, but also of the proper rule of law to be applied in such cases; and no other rule having ever obtained in this state, I cannot see any good reason why the rule established by said act, as to the payment of such premium, should not be applied to cases existing at the time the act was passed.

I have come to this conclusion the more readily, because in my judgment it is right that the giving of such bonds be placed on a business basis, and the reasonable and proper cost of same should be borne by the parties for whose protection they are required and

given, that disinterested third parties need no longer be required to pledge their estates to the end that some other estate shall be preserved intact for distribution; and that when an estate comes into a condition so that a bond is by law required to secure its preservation, it should bear the cost necessary to such preservation estimated on a fair business basis.   The exceptions to this item of $2,000 will, therefore, be overruled.

C. W. Baker, for the assignee; C. B. Matthews, C. E. Schell and W. A. Hicks, for xecepting creditors.